UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20500-CR-ALTMAN

UNITED STATES OF AMERICA

v.

CARLOS AUGUSTO GUERRERO BLANCO,
ANGELO AGUSTIN COELLO CLEMENTE, and
LUIS EDUARDO RODULFO TORRES,

    **Defendants.**
_____/

**THE UNITED STATES OF AMERICA'S OMNIBUS RESPONSE TO PSI OBJECTIONS AND SENTENCING MEMORANDUM**

The above-referenced Defendants are scheduled to be sentenced on November 4, 2024. *See* [ECF Nos. 98, 117]. The Government writes in response to presentence investigation report ("PSI") objections lodged by Defendants Carlos Augusto Guerrero Blanco and Luis Eduardo Rodulfo Torres, *see* [ECF Nos. 120 & 125], and to summarize its sentencing recommendations as to each Defendant. In support thereof, the Government states as follows.[1]

### I.    BRIEF INTRODUCTION

This case arises out of a fraud scheme known as "ATM jackpotting." In December 2018, the three above-referenced Defendants—and two others who are scheduled to be sentenced later, Luis Alfonso Noguera Martinez and Erick Jose Moreno Ruiz—stole nearly $250,000 from automated teller machines ("ATMs") in Miami and in Orlando, Florida. While each Defendant meaningfully participated in the scheme, their roles varied. The Government's sentencing recommendations are tailored to its view of each Defendant's conduct.

---

[1] Under the Court's Sentencing Procedures [ECF No. 98], the Government's responses to Guerrero Blanco's and Rodulfo Torres's PSI objections are not timely. The Government writes *nunc pro tunc* and respectfully requests that the Court consider this filing at sentencing.

1

## II.      KEY FACTS

The Defendants' scheme can be distilled into three parts, two of which are captured on clear surveillance footage.  *First*, Coello Clemente approached the targeted ATMs, open them up, and install therein computer technology capable of manipulating their operations.  *See* Coello Clemente's Final PSI [ECF No. 126] ¶ 16.  *Second*, and once the targeted ATMs were jeopardized, Coello Clemente and Rodulfo Torres (as well as Noguera Martinez and Moreno Ruiz) used unauthorized access devices—prepaid gift cards with no cash balances on them—to fraudulently withdraw money over and over again.  *See id*. ¶¶ 17–23; *see also* Rodulfo Torres's Final PSI [ECF No. 132] ¶¶ 17–23.

The *third* part of the scheme—which bridged the installation of the computer technology and the withdrawals of funds—was handled solely by Guerrero Blanco.  He operated from a remote computer and digitally altered the targeted ATMs' transactions through what Coello Clemente installed, causing dozens of transactions to be approved when they would typically be denied.  *See* Guerrero Blanco's Final PSI [ECF No. 128] ¶ 12.  In that way, Guerrero Blanco never exposed himself to being caught on surveillance because he never visited the targeted ATMs; rather, he directed the others to do so and orchestrated the timing of their thefts by text message and through other methods of communication.  *See id*. ¶ 11.

For every Defendant except Guerrero Blanco, this scheme came to a halt on December 28, 2018, when law enforcement caught them in the act at a McDonalds in Orlando.  *See, e.g.,* Coello Clemente's Final PSI ¶¶ 22–37.  Guerrero Blanco, on the other hand, continued stockpiling devices to manipulate additional ATMs well into 2019.  *See* Guerrero Blanco's Final PSI ¶ 38.  It is also worth noting that Guerrero Blanco faces similar charges in a separate state case, for which he was arrested in February 2023.  *See id*. ¶ 64.

In this case, all five Defendants were indicted in December 2023, *see generally* Indictment [ECF No. 1], and they have each pled guilty to a charge of conspiracy to commit computer fraud, in violation 18 U.S.C. § 371, *see* [ECF Nos. 61–62, 78–79, 82–85, 101–102].

### III. GUERRERO BLANCO'S SENTENCING

Guerrero Blanco's sentencing guidelines range is 37 to 46 months' imprisonment. *See* Guerrero Blanco's Final PSI ¶ 91. Included in that calculation, importantly, is the designation of Guerrero Blanco as a leader and organizer of criminal activity and a four-level sentencing enhancement under U.S.S.G. § 3B1.1(a), *see id.* ¶ 53, to which Guerrero Blanco has objected, *see generally* [ECF No. 125].

Probation properly applied the leader/organizer enhancement because, throughout the conspiracy, Guerrero Blanco conducted himself in the way that the Guidelines contemplate for a leader/organizer. *See* U.S.S.G. § 3B1.1(a) n.4. He exercised decision making authority by directing the other Defendants as to when to strike the targeted ATMs. *See* Guerrero Blanco's Final PSI ¶¶ 11–12. He admits to claiming a larger percentage of the funds obtained through the conspiracy than what was apportioned to the other Defendants. *Compare* Guerrero Blanco's PSI Objections [ECF No. 125] at 2 (representing that Guerrero Blanco received 25% of proceeds) *with* Guerrero Blanco's Final PSI ¶ 32 (stating that the rest of the group kept 20% of the proceeds). And, as will be detailed at the sentencing, he exercised control over the other Defendants—particularly Coello Clemente—as to targeting other ATMs to further the scheme.

Based Defendant's conduct in this case, and because his criminal history score does not account for the additional conduct with which he has been charged, the Government recommends a sentence of 42 months' imprisonment for Mr. Guerrero Blanco, to be served consecutively to any sentence received in the separate case.

3

### IV.      COELLO CLEMENTE'S SENTENCING

Coello Clemente's sentencing guidelines range is 18 to 24 months' imprisonment. *See* Coello Clemente's Final PSI ¶ 105. The Government agrees with that calculation, and Coello Clemente has not objected to it. A middle-of-the-guidelines sentence featuring 20 months' imprisonment is appropriate, based on the nature and circumstances of Coello Clemente's involvement in the conspiracy; however, the Government is simultaneously filing a motion to reduce Coello Clemente's sentence, based on substantial assistance, by an amount to be determined at sentencing.[2]

### V.      RODULFO TORRES'S SENTENCING

Rodulfo Torres's sentencing guidelines range was initially determined to be 18 to 24 months' imprisonment. *See* Rodulfo Torres's Draft PSI [ECF No. 114] ¶ 130. Rodulfo Torres has objected to that calculation in two ways. *See generally* [ECF No. 120]. First, he argues that he was a "minor participant" in the offense conduct and that he is deserving of a two-point sentencing reduction under U.S.S.G § 3B1.2. *See id*. at 1–11. Second, he argues that a two-point enhancement for "sophisticated means" should not apply to him. *See id*. at 11–15.

Probation was right not to apply a mitigating role adjustment because of the extent of Rodulfo Torres's "participation in the commission of criminal activity," U.S.S.G. §3B1.2 n.3(C); though he "only" withdrew money from the targeted ATMs (as opposed to manipulating them with computer technology), he made dozens of fraudulent withdrawals to the tune of thousands of dollars. *See* Rodulfo Torres Final PSI [ECF No. 32] ¶ 21; *see also* Addendum to Rodulfo Torres's Final PSI [ECF No. 132-2] at 2.

---

[2] The Government did not seek an aggravating role adjustment against Coello Clemente because, in its view, Coello Clemente—and, indeed, all the Defendants—were operating at Guerrero Blanco's direction. If the Court disagrees and determines that Coello Clemente is deserving of an aggravating role adjustment, such adjustment should be significantly less than what Guerrero Blanco receives.

4

As to the "sophisticated means" enhancement, it seems that Probation has concluded that the enhancement should not apply to Rodulfo Torres because he merely withdrew funds from the ATMs, a conclusion that would lower his sentencing guidelines range to 12 to 18 months' imprisonment. *See id*. at 3–4. But, even assuming that Rodulfo Torres's conduct is not "sophisticated" standing alone, the enhancement has been applied "when only some—but not all—aspects of a scheme are sophisticated." *United States v. Bell*, 112 F.4th 1318, 1342 (11th Cir. 2024) (cleaned up); *see also United States v. Collick*, 611 F. App'x 553, 557–58 (11th Cir. 2015) (affirming the application of the "sophisticated means" enhancement where an appellant's co-conspirators' sophisticated actions were found to be reasonably foreseeable to the appellant). *Bell* and *Collick* clearly indicate that the enhancement should apply to Rodulfo Torres, who knew that the ATMs were being manipulated, even if he did not know how to achieve that by himself.

Whatever the sentencing guidelines for Rodulfo Torres, though, the Court should sentence him to the bottom of the range based on the nature and circumstances of his offense conduct and his history and characteristics.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY:   */s/ Jacob Koffsky*
      Jacob Koffsky
      Assistant United States Attorney
      99 NE 4th Street
      Miami, Florida 33132
      305-961-9386
      Jacob.Koffsky@usdoj.gov
      Florida Bar. No. 1018115

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document and the referenced discovery is being served this day on counsel of record.

*/s/ Jacob Koffsky*
Jacob Koffsky
Assistant United States Attorney