UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

    Plaintiff,

                                              CASE NO:    1-23-CR-20500-RKA

v.

CARLOS AUGUSTO GUERRERO BLANCO,

    Defendant.
_____/

**MOTION FOR DOWNWARD VARIANCE FROM THE GUIDELINES AND REQUEST FOR REASONABLE SENTENCE PURSUANT TO 18 U.S.C. § 3553**

COMES NOW, the Defendant, CARLOS AUGUSTO GUERRERO BLANCO, by and through the undersigned counsel and files this Motion for Downward Variance from the Guidelines and Request for Reasonable Sentence, and in support thereof alleges the following:

The era of mechanized application of the sentencing guidelines to formulate a sentence is over. The United States Supreme Court's recent decision in Pepper v. United States, 131 S. Ct. 1229 (2011) makes it abundantly clear that an era of individualized sentencing has begun and appears to here to stay. It has been the law for several years that the sentencing guideline range is not presumptively reasonable, is advisory only, and is only one, and certainly not the most important factor the Court must consider in fashioning a reasonable sentence. Rita v. United States, 127 S. Ct. 2456 (2007); Gall v. United States, 128 S. Ct. 586 (2007). In United States v. Hunt, 459 F. 3d 1180 (11th Cir.

1

206), the Court specifically held that there are many instances where the guideline range will not yield a reasonable sentence. Id. At 1184. The Court further held that District Courts are obligated to impose a reasonable sentence regardless of the guideline range, so long as the guideline has been considered. Id.

In the United States Supreme Court's most recent decision minimizing the impact of the guidelines on imposing a reasonable sentence, the Court stated:

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. Koon v. United States, 518 U.S. 81 (1996). Underlying this tradition is the principle that the punishment should fit the offender and not merely the crime. Williams v. New York, 337 U.S. at 247, 69 S. Ct. 1079.

Pepper supra. 1239-40. The Court went on to say:

> In particular, we have emphasized that "[h]ighly relevant is not essential to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." Id. at 247, 69 S. Ct. 10-79. Permitting sentencing courts to consider the widest possible breath of information about a defendant "ensures that the punishment will suit not merely the offense but the individual defendant." Wasman v. United States, 468 U.S. 559 (1984). Id. at 1240.

While courts should give "respectful consideration" to the now advisory guidelines and their accompanying police statements, the Court in Pepper stressed the post-Booker decision make it clear that a district court may in appropriate cases impose a non-guideline sentence based on a disagreement with the Sentencing Commission's views. Pepper, supra. At 1247.

With the exceptions of unconstitutional considerations (e.g. race, sex, etc.), there is no limit to the type and nature of the information a court may consider in imposing a reasonable sentence. That point was made abundantly clear by the United States Supreme Court in the opening paragraph of its decision in Pepper, supra:

> This court has long recognized that sentencing judges "exercise a wide discretion" in the types of evidence they may consider when imposing sentence and that "[h]ighly relevant if not essential to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." Williams v. New York, 337 U.S. 241, 246-247, 69 S. Ct. 1079. Congress codified this principle at 18 U.S.C. § 3661, which provides that "no limitation shall be placed on the information" a sentencing court may consider concerning the [defendant's] background, character, and conduct" and at § 3553(a), which sets forth certain factors that the sentencing courts must consider, including "the history and characteristics of the defendant." § 3553(a)(1)

Pepper, supra. at 1235.

Considering the factors set forth in 18 U.S.C. § 3553(a) and the statutory requirement that this court must sentence Mr. Guerrero Blanco to a sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a), it is respectfully submitted that a significant variance below the prescribed guidelines is appropriate.

Although the seriousness of the offense cannot be overstated, the guidelines as calculated yield a suggested sentence that is excessive and beyond what would be necessary to satisfy the need to punish the defendant and protect the community.

WHEREFORE, based upon the above and foregoing, Mr. Guerrero Blanco respectfully submits that after considering all of the factors set forth in 18 U.S.C. §

3

3553(a), a significant downward variance below the guideline range is reasonable.  Mr. Guerrero Blanco respectfully request that the Court grant this motion for a downward.

        Respectfully Submitted

        The Del Villar Firm, P.A.

*Jorge L. Del Villar, Esq.*

        Jorge L. Del Villar, Esq.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was electronically filed with the Clerk of Courts using CM/ECF, this 3rd day of November 2024.

        Respectfully Submitted

        The Del Villar Firm, P.A.

*Jorge L. Del Villar, Esq.*

        Jorge L. Del Villar, Esq.
        12651 S. Dixie Ave
        Suite 100
        Pinecrest, Florida 33146
        Tel:    (305) 669-7007
        jdv.dvfirm@gmail.com
        Florida Bar No. 022802
        Attorney for the Defendant